Fano SAGONA, Plaintiff-Appellant,

v.

PLUMBERS AND STEAMFITTERS LO-
CAL NO. 60, et al., Defendants-
Appellees.

No. 73–1014

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 31, 1973.

Richard A. Tonry, T. M. McBride, III, Chalmette, La., for plaintiff-appellant.

Robert K. McCalla, New Orleans, La., for Tompkins.

Jerry L. Gardner, Jr., New Orleans, La., for Plumbers.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

PER CURIAM:

Appellant sued Local 60 [1] and a monetary employer (Tompkins-Beckwith, Inc.) under § 301, 29 U.S.C.A. § 185 for conspiracy and a discriminatory refusal to refer him to jobs. Included was also the complaint that Local 60 had failed properly to present and prosecute his grievance as to this treatment. The district court on affidavits and depositions which did not controvert the essential facts on which we act, entered an order which essentially dismissed as on summary judgment.

Local 60 maintained two divisions (i) building trades and (ii) metal trades. The worker qualifications, dues, etc., of each division were quite different. Appellant was a member of the metal trades division. Probably through error of an inexperienced night shift hiring hall employee, the appellant was referred to the utility construction project of the employer whose contract with Local 60 was through an association of building construction contractors. When it was shortly discovered that appellant (and

* Rule 18, 5 Cir., Isbell Enterprises Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409.

1. Plumbers and Steamfitters Local No. 60.

another) were metal trades members, Local 60 recalled him from the job.

On facts which appellant never contradicted, there was no breach of the collective bargaining contract and no basis for a grievance. This disposition as on summary judgment was an ideal instrument for terminating this baseless lawsuit in its tracks.

Affirmed.